UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Plaintiff,

v.

DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, et al.,

Defendants.

Case No. 26-cv-00679-AMO

**ORDER GRANTING MOTION TO DISMISS & DENYING MOTION TO RECOVER THE COSTS OF SERVICE**

Re: Dkt. Nos. 13, 22

Before the Court are Defendant Deutsche Lufthansa Aktiengesellschaft's ("Lufthansa") motion to dismiss and Plaintiff Sergey Firsov's motion to recover the costs of service. The matters are fully briefed and suitable for decision without oral argument. Accordingly, all hearings were vacated. *See* Dkt. No. 29; Civil L.R. 7-1(b), Fed. R. Civ. Pro. 78(b). Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the Court **GRANTS** Lufthansa's motion to dismiss and **DENIES** Firsov's motion to recover the costs of service for the reasons below.

This is one of several cases against airlines and associated entities brought by Firsov this year. Subsequent to the filing of this lawsuit, Judge Edward M. Chen declared Firsov a vexatious litigant and imposed a pre-filing screening requirement for future lawsuits filed by Firsov against such entities in the Northern District of California. *See Firsov v. Scandinavian Airlines Sys. Denmark-Norway-Sweden*, No. 25-CV-03691-EMC, 2026 WL 2594584 (N.D. Cal. Aug. 21, 2026), on reconsideration, No. 25-CV-03691-EMC, 2026 WL 2568325 (N.D. Cal. Aug. 31, 2026). Given the close similarities between this case and Firsov's other cases, the Court assumes familiarity with the facts and procedural history and notes them to the extent necessary in the analysis below.

United States District Court
Northern District of California

**A. Motion to Dismiss**

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Firsov asserts two claims under the Montreal Convention along with several state law claims, including one for unfair and deceptive business practices, false advertising, covenant of good faith and fair dealing, fraud, intentional infliction of emotional distress, and negligent infliction of emotional distress. *See generally* Compl. The Montreal Convention "provides the exclusive remedy for international passengers seeking damages against airline carriers." *Narayanan v. Brit. Airways*, 747 F.3d 1125, 1127 (9th Cir. 2014). The Montreal Convention thus preempts state law causes of action whether "in contract or tort" and exclusively governs the rights and liabilities of the parties. *Id.* at 1127. Accordingly, all of Firsov's state law contract and tort claims are preempted and must be dismissed, leaving only his two claims invoking the Montreal Convention. *See* Compl. at 6 ("Montreal convention 1999 – intentional delay of passenger, delay

of baggages [sic] by negligence") & 12 ("breach of contract under ADA 1978 [sic] and non-compliance with Montreal convention").

Airline carriers may be liable under the Montreal Convention for: (1) "Death and Injury of Passengers" (Article 17(1)); (2) loss, damage, or destruction of baggage (Article 17(2)-(3)); and (3) "delay in the carriage by air of passengers, baggage, or cargo" (Article 19). Under Article 22(1) of the Convention, delay damages are limited to 4,150 Special Drawing Rights (approximately US$6,000) per person. Montreal Convention, Art. 22(1). Article 19 permits the payment of economic damages directly attributable to a passenger's delay, but does not contemplate compensation for emotional loss or physical injury. *See, e.g.*, *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1170 (11th Cir. 2014); *Vumbaca v. Terminal One Grp. Ass'n L.P.*, 859 F.Supp.2d 343, 367 (E.D.N.Y.2012) ("Article 19 only applies to economic loss occasioned by delay in transportation."). Punitive damages are not permitted in cases governed by the Convention. Montreal Convention, Art. 29.

Here, Firsov seeks to recover the following damages as a result of a flight delay and subsequent refusal to permit him to board a connecting flight without his checked baggage:

> (1) a refund of the cost of his entire United Airlines itinerary in the amount of $879.73;
> (2) the cost charged by LOT Polish Airlines for the cost of traveling with a pet in cabin of $85.80;[1]
> (3) the total cost of his hotel in Warsaw for two nights, $294.56;
> (4) the unspecified cost of an Uber van to transport Plaintiff and his allegedly large cargo from Warsaw, Poland, to Lviv, Ukraine, a distance of approximately 269 miles; and
> (5) $187,000,000 in punitive damages.

Compl. (Dkt. No. 1) at 14. However, the Complaint fails to allege any item of damages that constitutes economic loss caused by the flight delay, especially in light of Firsov's assertions that Defendants sought to accommodate him with an alternative travel itinerary. Firsov accordingly fails to plead any legal basis for relief under the Montreal Convention. Both causes of action invoking the Montreal Convention accordingly must be dismissed.

[1] Firsov attaches a receipt to his Complaint indicating that this pet fee was paid for travel on LOT Polish Airlines on January 25, 2026, one week after Plaintiff purportedly returned to the United States on January 18, 2026. *See* Compl. at 21.

Moreover, Firsov's claim against Lufthansa fails as a matter of law. Firsov claims that the reason that he was delayed with respect to his Lufthansa flight was because Lufthansa advised that it was prohibited from carrying him on a flight on which his checked baggage was not also present. Compl. at 3. Such a refusal to carry Firsov without his checked luggage is a requirement of international and domestic law. *See* Convention on International Civil Aviation, Dec. 7, 1944, 61 Stat. 1180, 1212 (the "Chicago Convention"), Annex 17, Section 4.5.3 (Tenth Edition 2017). Accordingly, Lufthansa cannot be liable for Firsov's delay because, based upon the allegations in Plaintiff's Complaint, it could not transport Firsov without his checked baggage without violating international law. Lufthansa took all measures that could reasonably be required to avoid the damage of which Plaintiff complains by booking Plaintiff on Lufthansa's next available flight to Warsaw. Compl. at 4. Based on these admissions in Firsov's Complaint, Lufthansa took all measures that it could to avoid delay damages by placing Plaintiff on Lufthansa's next available flight to Warsaw to comply with international law, and Lufthansa cannot be held liable. The Court must dismiss Plaintiff's claims against Lufthansa with prejudice.

**B. Motion to Recover the Costs of Service**

Federal Rule of Civil Procedure 4 provides that a corporation "subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). Notice to a corporation must be given "to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(d)(1)(A)(ii). "Once a plaintiff has sent a valid request for a waiver of service of process, the burden shifts to the defendant to avoid imposing unnecessary costs on the plaintiff." Rollin v. Cook, 466 F. App'x 665, 667 (9th Cir. 2012). If a defendant "fails, without good cause," to waive service, then "the court must impose" the "expenses later incurred in making service." Fed. R. Civ. P. 4(d)(2).

Plaintiff asserts that on March 4, 2026, he "served complaint and Summons with request to waive the service of Summons," but he provides no copy of any Rule 4(d) notice, no proof of mailing or service of the waiver request, no evidence of including two copies of the waiver form, or prepaid means of return, and no evidence of proper addressing to an authorized recipient for

Lufthansa. Dkt. No. 13. Lufthansa claims it did not receive any waiver request from Plaintiff pursuant to the requirements of Rule 4(d) of the Federal Rules of Civil Procedure. Dkt. No. 27-1. Firsov provides no countervailing evidence demonstrating that he made a proper request for waiver of service as is required for costs and fees to be recoverable under Rule 4(d)(2). *See Gaby's Bags, LLC v. Mercari, Inc.*, No. 20-cv-734-WHA, 2020 WL 7664455, at *3 (N.D. Cal. Dec. 25, 2020). As others in this District have found, "Firsov has not established that he complied with Rule 4(d)(1)," and accordingly, "he cannot be compensated for the formal cost of service." *Firsov v. Scandinavian Airlines of N. Am., Inc.*, No. 25-cv-03691-EMC, 2025 WL 2733645, at *1 (N.D. Cal. Sept. 25, 2025). Therefore, Firsov's motion to recover the costs of service is DENIED.

## Conclusion

For the foregoing reasons, the Court **GRANTS** Lufthansa's motion to dismiss and **DENIES** Firsov's motion to recover the costs of service. The other Defendant in this case, United Airlines, Inc., filed an answer to the Complaint. Dkt. No. 15. The Court will set a case management conference via clerk's notice.

**IT IS SO ORDERED.**

Dated: October 5, 2026

ARACELI MARTÍNEZ-OLGUÍN
**United States District Judge**