United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SERGEY FIRSOV,

Plaintiff,

v.

DEUTSCHE LUFTHANSA AKTIENGESELLSCHAFT, et al.,

Defendants.

Case No. 26-cv-00679-AMO

**ORDER DENYING MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**

Re: Dkt. No. 32

Before the Court is Plaintiff Sergey Firsov's motion for leave to file a motion for reconsideration. Firsov requests leave to seek reconsideration of the Court's order granting a motion to dismiss. *See* Dkt. No. 30 (order granting motion to dismiss Defendant Deutsche Lufthansa Aktiengesellschaft). The motion for leave is ripe for adjudication. *See* Civil L.R. 7-9(d) ("Unless otherwise ordered by the assigned Judge, no response need be filed and no hearing will be held concerning a motion for leave to file a motion for reconsideration.").

"Reconsideration is an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.' " *Gamevice, Inc. v. Nintendo Co.*, 677 F. Supp. 3d 1069, 1071 (N.D. Cal. 2023) (quoting *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003)). "As such, it should not be granted 'absent highly unusual circumstances.' " *Gamevice*, 677 F. Supp. 3d at 1071 (quoting *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009)).

A party seeking reconsideration of an interlocutory court order in this District must first seek leave to file such a motion. Civil L.R. 7-9(a). The moving party must specifically show one of the following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know of such fact or law at the time of the interlocutory order; or
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civil L.R. 7-9(b). A party seeking reconsideration may not reargue any written or oral argument previously asserted to the Court. Civil L.R. 7-9(c).

Here, Firsov moves for reconsideration of the Court's order based on Civil Local Rule 7-9(b)(2), based on a change of law, and Civil Local Rule 7-9(b)(3), based on the Court's manifest failure to consider material facts and dispositive legal arguments. Neither argument persuades.

Regarding the emergence of a change of law, Plaintiff advances that the Court failed to consider amended guidance material from the International Civil Aviation Organization. *See* Dkt. No. 32 at 4-8. That argument misses the mark because, as Plaintiff acknowledges, the Court specifically cited and relied upon the operative Convention on International Civil Aviation, Dec. 7, 1944, 61 Stat. 1180, 1212 (the "Chicago Convention"), Annex 17, Section 4.5.3 (Tenth Edition 2017). *See* Dkt. No. 32 at 5; *see also* Dkt. No. 30 at 4 (order of dismissal). The Convention controls, and the Court need not rely upon the amended guidance and electronic bulletin material cited by Plaintiff. Thus, there is no basis to find that there was a change in law that would alter the Court's analysis or its conclusion. Plaintiff's Local Rule 7-9(b)(2) argument fails.

Regarding manifest failure to consider material facts, Plaintiff advances that the Court failed to consider a variety of allegations in his pleadings, including Lufthansa's refusal to book Plaintiff on the flight of his choice, and that his eventual flight itinerary "was unnecessarily long." Dkt. No. 32 at 8-10. None of the allegations presented in Plaintiffs' motion for leave are new. Rather, all of the allegations are included within his operative Complaint. *Compare* Dkt. No. 32 *with* Dkt. No. 1. And the Court did not fail to consider these facts; the Court determined that Firsov's allegations failed as a matter of law under the Montreal Convention. *See* Dkt. No. 30. Plaintiff's Local Rule 7-9(b)(3) argument thus fails.

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file a motion for reconsideration.

**IT IS SO ORDERED.**

Dated: October 20, 2026

**ARACELI MARTÍNEZ-OLGUÍN**
**United States District Judge**